UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARVIN SPINKS,

        Plaintiff,

v.                                            Case No.: 8:18-cv-01632-EAK-TGW

COSTCO WHOLESALE CORPORATION,

        Defendant.

_____

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff Marvin Spinks' Motion to Remand ("Motion"), (Doc. 11), and Defendant Costco Wholesale Corporation's response to the same ("Response in Opposition"), (Doc. 12). For the reasons set forth herein, the Motion is **GRANTED**.

I.   Background

Plaintiff Marvin Spinks ("Plaintiff") sued Defendant Costco Wholesale Corporation ("Defendant") in state court on February 21, 2018 for negligence arising out of Plaintiff's alleged slip-and-fall on Defendant's premises. (Doc. 2). Among other requests for relief, Plaintiff's Complaint demands judgment against Defendant "for compensatory damages in an amount in excess of" $15,000, exclusive of interest and costs. *Id.* On March 19, 2018, Defendant moved to transfer venue from Florida's Twelfth Judicial Circuit Court to Florida's Sixth Judicial Circuit Court ("Transfer Motion"). (Doc. 4). Thereafter, on June 1, 2018, Defendant served a request for

Case No.: 8:18-cv-01632-EAK-TGW

admissions on Plaintiff ("Request for Admissions"). (Doc. 1-1). Plaintiff responded to the Request for Admissions on June 8, 2018 ("RFA Responses"), admitting that he "seeks to recover more than $75,000 in total damages" in this action and denying that he "seeks to recover no more than $75,000 in total damages in this case." *Id.*

Upon receipt of Plaintiff's RFA Responses, Defendant filed a notice of cancellation of the hearing on the Transfer Motion, *id.*, and filed its Notice of Removal in this Court on July 9, 2018. (Doc. 1). In relevant part, the Notice of Removal asserts that this Court's jurisdiction over the action is proper because the parties are diverse and the amount-in-controversy exceeds $75,000. *Id.* Defendant relies solely on the RFA Responses to establish that it has satisfied the amount-in-controversy requirement for diversity jurisdiction. *Id.*

Plaintiff subsequently filed the Motion, requesting the Court to remand this action to state court, arguing (1) Plaintiff's RFA Responses are insufficient to satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a); and (2) Defendant waived its right of removal in filing the Transfer Motion in state court.

II.   Legal Standard

A defendant may remove an action from a state court to a United States district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and the action is between parties of diverse citizenship. *Id.* § 1332(a). If a complaint does

2

not claim a specific amount of damages, removal is proper when it is "facially apparent" from the complaint that the amount-in-controversy exceeds $75,000. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

"Removal is also appropriate when an amended pleading, motion, or other paper establishes that the jurisdictional requirements are satisfied." *Avramides v. Genesis Eldercare Rehabilitation Servs., LLC*, No. 8:17-cv-155-T-33JSS, 2017 WL 359884, at *2 (M.D. Fla. Jan. 25, 2017) (citing 28 U.S.C. § 1446(b)) (internal quotations omitted). An action shall be remanded if, at any time prior to final judgment, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Federal courts are directed to strictly construe the removal statutes and resolve all doubts regarding jurisdiction in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

III.  Analysis

Plaintiff's RFA Responses qualify as an "other paper" triggering the thirty-day removal deadline under 28 U.S.C. § 1446(b). *See Eckert v. Sears, Roebuck & Co.*, No. 8:13-cv-2599-T-23EAJ, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013). The Court nonetheless must examine whether it has original jurisdiction over the action.[1] As

---

[1] As mentioned *supra*, Plaintiff argues that Defendant waived its right to removal by filing the Transfer Motion. However, "a party cannot waive a right that it does not yet have." *Cruz v. Lowe's Home Ctrs., Inc.*, No. 8:09-cv-1030-T-30MAP, 2009 WL 2180489, at *3 (M.D. Fla. July 21, 2009). For an action that is not removable based on the initial pleading, a defendant may remove the action within thirty days of the defendant's receipt of "an amended pleading, motion, order or other paper *from which it may first be ascertained that the case is one which is or has become removable.*" 18 U.S.C. § 1446(b) (emphasis added). Defendant filed the Transfer Motion on March 19, 2018 and served its Request for Admissions on Plaintiff on June 1, 2018. (Doc. 1-1). Defendant received Plaintiff's RFA Responses on June 8, 2018. *Id.* Defendant, believing that the case was removable based on the RFA

3

Case No.: 8:18-cv-01632-EAK-TGW

the removing party, Defendant bears the burden of establishing, by a preponderance of the evidence, that the amount-in-controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet [the] defendant's burden." *Williams*, 269 F.3d at 1319–20.

Defendant bases its assertion of federal jurisdiction on 28 U.S.C. 1332.[2] (Doc. 1). For the amount-in-controversy requirement, the Complaint merely alleges damages "in excess" of $15,000, claiming that as a result of Defendant's alleged negligence, Plaintiff suffered:

> bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of ability to earn money, out-of-pocket expenses, and aggravation of a previously existed condition.

(Doc. 1). The amount-in-controversy is not "facially apparent" from the Complaint. *Williams*, 269 F.3d at 1319. An examination of the Notice of Removal reveals that Defendant's only reference to damages at the time of removal is its conclusory assertion that the amount-in-controversy exceeds $75,000 because Plaintiff admitted as much in his RFA Responses. (Doc. 1).

---

Responses, subsequently filed its Notice of Removal. *See* (Doc. 12). The Court thus finds Plaintiff's waiver argument unpersuasive.

[2] The parties do not dispute that complete diversity exists.

Case No.: 8:18-cv-01632-EAK-TGW

Defendant asserts in its Response in Opposition that Plaintiff's RFA Responses establish that the amount-in-controversy exceeds $75,000 and thus "satisfies the jurisdictional requirements." (Doc. 12). "A plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient." *Eckert*, 2013 WL 5673511, at *1. Although "admissions certainly carry the day when they are detailed and contain substantive factual information," admissions that are "devoid of the kind of factual information that is necessary to make a jurisdictional finding" are insufficient. *Worley v. Wal-Mart Stores E., L.P.*, No. 8:17-cv-2827-T-33JSS, 2017 WL 5844108, at *3 (M.D. Fla. Nov. 29, 2017).

Plaintiff's RFA Responses are insufficient to establish that the amount-in-controversy requirement is satisfied. In *Eckert*, like here, the defendant relied entirely on the plaintiff's admission that the amount-in-controversy exceeded $75,000 to establish federal jurisdiction. *Eckert*, 2013 WL 5673511, at *1. The *Eckert* court explained that the plaintiff's "mere concession that the amount-in-controversy exceed[ed] $75,000 [was] insufficient because jurisdictional objections cannot be forfeited and waived." *Id.* (stating that a district court has an obligation to determine whether the requisite jurisdictional amount is satisfied, independent of the parties' assertions or eagerness to litigate in federal court). The court emphasized that diversity jurisdiction centers on "an actual and factually demonstrable amount-in-controversy in excess of $75,000 and not on the parties' stipulation or the equivalent (and especially not a party's *mere* admission)." *Id.* at *2 (emphasis added). The court

5

Case No.: 8:18-cv-01632-EAK-TGW

accordingly remanded the case to state court for lack of federal subject matter jurisdiction. *Id.* at *3.

Similarly, in *Avramides v. Genesis Eldercare Rehabilitation Services, LLC*, the operative complaint merely alleged damages greater than $15,000 and the defendant asserted that the plaintiff's responses to the defendant's request for admissions, in which the plaintiff admitted that the amount-in-controversy exceeded $75,000 and denied that the amount-in-controversy was less than $75,000, were sufficient to establish that the action's amount-in-controversy exceeded $75,000. *Avramides*, 2017 WL 359884, at *2. Relying on *Eckert*, the court found that the plaintiff's responses to the request for admissions (1) failed to offer a factual basis to establish that the amount-in-controversy requirement was met; (2) constituted legal conclusions; and (3) failed to relieve the defendant of its obligation to demonstrate facts supporting federal subject matter jurisdiction. *Id.* at *3. The court accordingly remanded the case. *Id.*

Here, like *Eckert* and *Avramides*, Defendant relies on Plaintiff's RFA Responses to establish that the amount-in-controversy exceeds $75,000. As in *Avramides*, Plaintiff's responses (1) fail to offer a factual basis to establish that the amount-in-controversy requirement is met; (2) constitute legal conclusions; and (3) fail to relieve Defendant of its obligation to demonstrate facts supporting federal subject matter jurisdiction. The responses are conclusory, entirely unsupported by a factual basis or any evidence, and thus insufficient to establish diversity jurisdiction.

6

Case No.: 8:18-cv-01632-EAK-TGW

The RFA Responses are "devoid of the kind of factual information that is necessary to make a jurisdictional finding." *Worley*, 2017 WL 5844108, at *3.

In conducting its analysis of whether a removal is proper, "the district court has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying records." *Lowery*, 483 F.3d at 1214. An examination of the appropriate materials in search of further evidence regarding the alleged amount-in-controversy reveals that three medical bills totaling $10,710.47, which Plaintiff submitted as exhibits to its Motion and cites to in support of its assertion that "Plaintiff's total medical bills are the time of removal were $10,710.47," are the only evidence that has been provided as to Plaintiff's alleged damages. (Doc. 11). The Court declines to find jurisdiction "by looking to the stars." *Lowery*, 483 F.3d at 1215. In relying on "a party's mere admission," Defendant has failed to prove "an actual and factually demonstratable amount-in-controversy in excess of $75,000." *Eckert*, 2013 WL 5673511, at *2. Plaintiff's Motion is therefore due to be granted.

IV. <u>Conclusion</u>

Accordingly,

It is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**. This action is remanded under 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction. The Clerk is hereby directed to remand this case to state court. After remand has been effected, the Clerk shall **CLOSE THE CASE**.

Case No.: 8:18-cv-01632-EAK-TGW

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 6th day of December, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record